# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| BRUCE FRENCH, Trustee (substituted as the real party in interest in place of Plaintiff per Order dated 1/15/2014), | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 1:12-cv-01367-TWP-TAB |
| REID HOSPITAL & HEALTHCARE SERVICES, INC., | )<br>)<br>)<br>) |
| Defendant. | ) |

## ENTRY ON MOTION TO TRANSFER VENUE

This matter is before the Court on a Motion to Transfer Venue ([Filing No. 46](#)) filed by Chapter 7 United States Trustee, Bruce French ("the Trustee"). The Trustee was appointed in the bankruptcy case initiated in 2011 by the original Plaintiff in this case, Darla May ("Ms. May"), and was substituted as the real party in interest in this matter to represent Ms. May's bankruptcy estate. The Trustee asks the Court to transfer this case to the United States Bankruptcy Court for the Northern District of Ohio, Western Division (the "Bankruptcy Court") pursuant to 28 U.S.C. § 1412. For the reasons set forth below, the Trustee's Motion is **DENIED**.

### I. BACKGROUND

This case was originally filed in this district court on September 24, 2012. Ms. May asserted claims against her employer, Reid Hospital & Health Care Services, Inc. ("Reid"), for discrimination in violation of the Americans with Disabilities Act. However, Ms. May failed to include the lawsuit on the schedule of assets filed in a bankruptcy petition, which Ms. May had filed in March 2011. After learning that Ms. May had filed bankruptcy in 2011, Reid filed a

Motion to Amend its Answer on March 27, 2013, to include defenses related to Ms. May's bankruptcy.

On November 23, 2013, Ms. May's counsel sent a letter to Reid's counsel stating that the Trustee in Ms. May's bankruptcy case contacted him and advised that he take no further action in the case until Ms. May's bankruptcy case was reopened. On December 19, 2013, Ms. May filed notice of reopening of her bankruptcy case ([Filing No. 36](Filing No. 36)). On January 3, 2014, the Trustee filed a Motion of Trustee in Bankruptcy to be Designated as the Real Party in Interest, which the Court granted ([Filing No. 40](Filing No. 40)). In March 2014, the Trustee filed the instant motion requesting transfer of this case to the Bankruptcy Court in Ohio.

## II. LEGAL STANDARD

Generally, a party may request a change of venue in accordance with 28 U.S.C. § 1404. However, a change of venue for proceedings related to a case under Title 11 is governed by 28 U.S.C. § 1412. *Indep. Stationers, Inc. v. Vaughn*, No. IP 99-0127 C M/S, 2000 WL 1449854, at *2 (S.D. Ind. Jan. 3, 2000) (citing *In re Bruno's Inc.*, 227 B.R. 311 (Bankr. N.D. Ala. 1998) (applying § 1412 rather than § 1404, because the plain language of the statute states that it is applicable to a "proceeding" under Title 11)). Section 1412 provides that "[a] district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412. The decision whether to transfer is subject to the broad discretion of the district court. *Indep. Stationers, Inc.*, 2000 WL 1449854, at *2.

## III. DISCUSSION

### A. Applicability of 28 U.S.C. § 1412

In order to consider transfer of a case to a bankruptcy court under § 1412—as opposed to 28 U.S.C. § 1404—the Court must first consider whether this action may be classified as a

"case" or "proceeding" under title 11. It is clear that this action is not a "case," as a case under title 11 is commenced by filing a petition with the bankruptcy court and includes the actual administration of the bankruptcy from the time it is filed until the case is finally closed. *See* 11 U.S.C. §§ 301-03. A "proceeding," on the other hand, is "a litigated matter connected to the bankruptcy case." *Indep. Stationers, Inc.*, 2000 WL 1449854, at *3. Proceedings may either "arise under" or be "related to" a bankruptcy case. *See* 28 U.S.C. § 1334(b). Proceedings that "arise under" the Bankruptcy Code or "arise in" a bankruptcy case are "limited to questions that arise during the bankruptcy proceeding and concern the administration of the bankrupt estate, such as whether to discharge a debtor." *Zerand-Bernal Grp., Inc. v. Cox*, 23 F.3d 159, 162 (7th Cir. 1994). A proceeding is "related to" a bankruptcy case if it directly affects the amount of property for distribution, or the allocation of property among creditors. *In re Xonics*, 813 F.2d 127, 131 (7th Cir. 1987); *see also Celotex Corp. v. Edwards*, 514 U.S. 300, 308 n.5 (1995) ("Proceedings 'related to' the bankruptcy include . . . causes of action owned by the debtor which become property of the estate pursuant to 11 U.S.C. § 541. . . ."). "The reference to cases related to bankruptcy cases is primarily intended to encompass tort, contract, and other legal claims by and against the debtor, claims that, were it not for bankruptcy, would be ordinary stand-alone lawsuits between the debtor and others. . . ." *Zerand-Bernal Grp., Inc.*, 23 F.3d at 161 (citing *In re Xonics*, 813 F.2d at 131).

The Court finds that this case is a proceeding "related to" Ms. May's bankruptcy case, so the standards for transfer under § 1412 apply, not the standards for transfer under § 1404. This case was originally a stand-alone lawsuit brought by Ms. May against Reid, and may therefore be considered an asset of the bankruptcy estate under 11 U.S.C. § 541. Any possible recovery from Reid in this case would affect the amount of property for distribution in Ms. May's re-

3

opened bankruptcy case. Thus, this action falls squarely within the definition of a proceeding "related to" bankruptcy.

**B.     Transfer is not warranted**

It does not automatically follow that this case should be transferred to the Bankruptcy Court solely because it is "related to" Ms. May's bankruptcy case. Both the district courts and the bankruptcy courts have the authority to hear all civil proceedings related to cases under title 11; however, a bankruptcy judge must submit proposed findings of fact and conclusions of law to the district court in the district in which it is located, and any final order or judgment is entered by the district judge. 28 U.S.C. § 1334(b); 28 U.S.C. § 157(c)(1); *see also Stern v. Marshall*, 131 S. Ct. 2594, 2604 (2011) ("When a bankruptcy judge determines that a referred 'proceeding . . . is not a core proceeding but . . . is otherwise related to a case under title 11,' the judge may only 'submit proposed findings of fact and conclusions of law to the district court.'") (quoting 28 U.S.C. § 157(c)(1)). Because this Court properly has jurisdiction over this case and venue is not improper, the Trustee, as the moving party, has the burden to show that transfer is warranted by a preponderance of the evidence. *In re Toxic Control Techs., Inc.*, 84 B.R. 140, 143 (Bankr. N.D. Ind. 1988).

A court must find it in the interest of justice or convenience of the parties in order to transfer a case. 28 U.S.C. § 1412. The party moving for transfer must show one or the other factor is satisfied, not both. *See In re Toxic Control Techs., Inc.*, 84 B.R. at 143 ("The new statute is phrased in the disjunctive. Each requirement is discrete."). The Court must weigh a number of factors to determine whether transfer is warranted under § 1412. These factors include:

> 1) The proximity to the Bankruptcy Court of assets, creditors, debtor, its principals, evidence, and witnesses.

2) The willingness or abilities of parties, debtor and creditors alike, to participate in the case or in adversary proceedings, *vis á vis* one venue over another [. . .]

3) The economical and efficient administration of the estate.

4) The availability of compulsory process for attendance of unwilling witnesses and the cost of obtaining their attendance.

5) The applicability of State law to the case and adversary proceedings. *See* 28 U.S.C. § 1409.

6) The intertwined relationships of the debtors.

7) The necessity for ancillary administration. *See* 28 U.S.C. § 1410.

8) A local interest in having localized controversy decided at home.

*In re Toxic Control Techs, Inc.*, 84 B.R. at 143. The Trustee argues that this case should be transferred to the Bankruptcy Court for the convenience of the parties. The Trustee only argues the third factor, asserting that it would be more economical and efficient to administer the bankruptcy estate if the matter were to be transferred to the court in Toledo, Ohio, and asserts that all of the other factors are neutral. However, the Trustee does not show how transfer of this case to the Bankruptcy Court would be more convenient for *all* parties, not just the Trustee, and the other factors are not merely neutral and must be addressed.

While the Trustee applies the factors applicable to transfer in accordance with § 1404(a), many of these factors have implications in the analysis of transfer under § 1412. With regard to the first factor, the majority of the material non-party witnesses, as well as evidence, are located closer to Indianapolis, Indiana than they are to Toledo, Ohio. Reid is located in Richmond, Indiana, and the majority of the employees and former employees who were involved in the decision to terminate Ms. May, as well as any documentary evidence, are located in this district and closer to Indianapolis than Toledo. The location of non-party witnesses also impacts the fourth factor, which is the availability of compulsory process for unwilling witnesses. The

5

Trustee does not dispute that the majority of Reid's witnesses, and many of the Trustee's witnesses, are located more than 100 miles from Toledo, which is beyond the Northern District of Ohio's subpoena power. *See* Fed. R. Civ. P. 45(b)(2)(B) ("[A] subpoena may be served at any place . . . outside [the issuing] district but within 100 miles of the place specified for the . . . hearing [or] trial."). Thus, the location of witnesses and evidence make the first and fourth factors weigh against transfer.

With regard to the second factor, only the Trustee has expressed a willingness to litigate this case in the Northern District of Ohio. Reid objects to the transfer of this case to the Bankruptcy Court, and requests that the action remain in this Court. Regarding the third factor, the Trustee has not shown that transferring the case to the Northern District of Ohio would promote the economical and efficient administration of the estate. Ms. May's bankruptcy estate was opened solely for the purpose of including any assets recovered from this lawsuit and otherwise has no connection to the creditors. As discussed above, most of the relevant evidence and material witnesses are located closer to Indianapolis than Toledo, so transfer to the Bankruptcy Court in Ohio would likely be less efficient, not more. The argument that the interested parties would not be consistently informed if the case remains in this Court is unavailing; the Trustee will be directly involved in this litigation and is obligated under the Bankruptcy Code to "furnish such information concerning the estate and the estate's administration as is requested by a party in interest." 11 U.S.C. § 704(a)(7). There is no need to have "first-hand involvement" in this case by any other interested parties to the bankruptcy case. The eighth factor also weighs against transfer because the actions giving rise to the dispute in this case occurred in this district, thus this Court has more interest in deciding this discrimination case than the Bankruptcy Court in Ohio. Finally, the fifth, sixth, and seventh factors are inapplicable in this case and thus have no bearing on the Court's analysis. Taking all of these

factors into consideration, the Trustee has not shown that this case should be transferred for the convenience of the parties.

Not only has the Trustee not met his burden of showing that transfer is necessary for the convenience of the parties, he also has not shown that transfer would be appropriate in the interest of justice. The Trustee does not make a separate argument in support of this test, and merely asserts the factors discussed above show that transfer is appropriate in the interest of justice. "The 'interest[s] of justice' include such concerns as ensuring speedy trials, trying related litigation together, and having a judge who is familiar with the applicable law try the case." *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1293 (7th Cir. 1989). These factors weigh against transferring the case to the Bankruptcy Court. This case has already been pending in this Court for almost two years, and transferring the case to the Bankruptcy Court would only further delay the proceedings. Additionally, this litigation is not related to any other litigation in Ms. May's recently re-opened bankruptcy case. Finally, the judge in this Court is most likely more familiar with the laws relating to disability discrimination than the Bankruptcy Court judge. Thus, the interest of justice does not justify transferring this case to the Bankruptcy Court.

### III. CONCLUSION

For the forgoing reason, the Trustee's Motion to Transfer Venue ([Filing No. 46](#)) is **DENIED**.

**SO ORDERED.**

Date: 07/10/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Bruce Comly French
b-french@onu.edu

Courtney R. King
ICE MILLER LLP
courtney.king@icemiller.com

Tami A. Earnhart
ICE MILLER LLP
earnhart@icemiller.com

Bradley Anderson
RION RION & RION, LPA INC
banderson@rionlaw.com